**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donnie Ray Matthews,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan; et al.,<br><br>    Respondents. | No. CV 17-310-TUC-CKJ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is an amended petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 24, 2017, by Donnie Ray Matthews, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 4)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. Matthews' claims are procedurally defaulted.

Summary of the Case

Matthews was convicted after a jury trial of two counts of third-degree burglary. (Doc. 17, p. 4) On August 19, 2013, the trial court sentenced him to concurrent eight-year terms of imprisonment. *Id.*; (Doc. 17-4, pp. 2-5) Matthews filed a Motion to Vacate Judgment on

August 24, 2013. (Doc. 18, pp. 3-28) The trial court denied the motion on September 30, 2013. (Doc. 18, pp. 34-36)

On direct appeal, Matthews argued (1) he was deprived of due process when his motion for change of judge was ignored, (2) the delay in ruling on that motion caused him prejudice and denied him his Sixth Amendment right to self-representation, and (3) the trial court abused its discretion by denying his motion to vacate the judgment. (Doc. 17, pp. 3-12) The Arizona Court of Appeals affirmed his convictions and sentences on October 21, 2014. *Id*. Matthews did not file a petition for review with the Arizona Supreme Court. (Doc. 21, p. 34)

Previously on September 24, 2013, Matthews filed notice of post-conviction relief (PCR). (Doc. 19-6), p. 2) The trial court stayed the PCR proceedings until after the direct appeal. (Doc. 19-9, p. 2); (Doc. 19-10, p. 2) The court appointed advisory counsel and restarted PCR proceedings on January 30, 2015. (Doc. 19-10, p. 2)

On February 12, 2015, Matthews filed in the trial court a pro se Petition for Writ of Habeas Corpus. (Doc. 20, pp. 1-55); (Doc. 21, pp. 2-26) He argued (1) the state failed to properly institute charges by filing a complaint and proving probable cause to the magistrate in regards to the burglary of Ghinis French Cafe, (2) per se prejudice affected the trial, (3) prosecutorial misconduct denied him a fair trial, and (4) trial counsel was ineffective for making him accept "unfounded stipulations" regarding prior convictions. (Doc. 22, pp. 6-8) The trial court treated the habeas petition as a Rule 32 PCR petition. (Doc. 21, p. 37) On July 10, 2015, the trial court denied the petition because the first three claims were precluded pursuant to Ariz.R.Crim.P. 32.2(a) and the fourth was without merit. (Doc. 22, pp. 6-9) Matthews did not file a petition for review with the Arizona Court of Appeals. (Doc. 4, p. 5)

On February 3, 2016, Matthews filed in the trial court a second Petition for Writ of Habeas Corpus. (Doc. 22, pp. 13-40) He argued again that he could not be convicted of burglary of the Ghinis French Cafe because the original complaint did not contain that charge. *Id*. The trial court construed the petition as a supplemental Rule 32 PCR petition and, on February 26, 2016, denied all claims as precluded pursuant to Ariz.R.Crim.P. 32.2(a). (Doc.

23, pp. 6-7) Matthews did not file a petition for review with the Arizona Court of Appeals. (Doc. 4, p. 5)

On August 30, 2016, Matthews filed in the trial court a third Petition for Writ of Habeas Corpus. (Doc. 23, pp. 9-22) He argued again that he could not be convicted of the Ghinis French Cafe burglary because the magistrate did not issue an arrest warrant for that charge. *Id*. On September 19, 2016, the trial court construed the petition as a supplemental Rule 32 PCR petition and denied all claims as precluded pursuant to Ariz.R.Crim.P. 32.2(a). (Doc. 23, pp. 26-27) On January 10, 2017, the Arizona Court of Appeals granted review but denied relief. (Doc. 24, pp. 24-26) The court found that Matthews's PCR proceeding was "untimely." (Doc. 24, p. 26)

On July 5, 2017, Matthews filed in this court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He filed an amended petition on July 24, 2017. (Doc. 4) Matthews argues (1) he is falsely imprisoned because "the state unlawfully indicted, tried, and convicted the petitioner," (2) the state lacked "subject matter jurisdiction to indict, try, and convict the petitioner," (3) he was convicted of a crime different from the one contained in the complaint, and (4) the state committed structural error by employing a twelve-person grand jury. (Doc. 4)

In their answer, the respondents argue, among other things, that Matthews' claims are procedurally defaulted. (Doc. 16) They are correct. The court does not reach the respondents' alternative arguments.

Matthews filed a reply on April 23, 2018. (Doc. 27) He describes the circumstances leading to his arrest and argues that his Fourth Amendment rights were violated. *Id*. He further argues that the court that convicted him was without "subject matter jurisdiction." *Id*. He does not address the issue of procedural default. *Id*. It appears that Matthews is attempting to raise new grounds for relief in his reply; that is not allowed. The new grounds will not be considered. *See Ward v. People of the State of California*, 2016 WL 5133917, at *5, n. 4 (C.D. Cal. 2016), report and recommendation adopted, 2016 WL 5030352 (C.D. Cal. 2016).

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is limited to those issues that have been fully presented to the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing

- 4 -

state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state courts and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim will be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Claim (1)

In Claim (1) Matthews argues he is falsely imprisoned because "the state unlawfully indicted, tried, and convicted the petitioner" violating U.S. Constitutional Amendments 4, 5, 6,

and 14 and Arizona Constitutional Amendments 4, 5, 6, and 14. (Doc. 1, p. 6) The gravamen of the claim is not entirely clear. It appears that Matthews is aggrieved by the fact that he was initially arrested for burglary of Rainbow Jewelers but the grand jury indicted him for both the Rainbow Jewelers burglary and the Ghinis French Cafe burglary. But whatever the nature of the claim, it is procedurally defaulted.

Matthews asserts that this claim was presented in his third state habeas petition, which was denied by the trial court on September 19, 2016 and reviewed by the Arizona Court of Appeals. (Doc. 4, pp. 5-6) The court assumes for the purposes of this petition that Matthews is correct and the claim was presented there. The third petition, however, was ruled procedurally precluded by the Arizona Court of Appeals pursuant to Ariz.R.Crim.P. 32.2(a). (Doc. 24, pp. 24-26) Claim (1) is therefore procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). In his reply brief, Matthews does not advance any reasons why this default should be excused. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

The court finds in the alternative that to the extent Matthews is complaining about the grand jury procedures, his claim is not cognizable. The Fifth Amendment right to indictment by grand jury does not bind the states because it was not incorporated by the Fourteenth Amendment due process clause. *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S. Ct. 1221, 1226-27 (1972). Irregularities in the indictment procedure might be a violation of state law, but they are not a violation of *federal* law. And the writ of habeas corpus lies only for errors of federal law. 28 U.S.C. § 2254(a).

To the extent Matthews is complaining that he was held for trial without a probable cause determination by the magistrate, his claim is meritless. *See* 28 U.S.C. §2254(b)(2). "It is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction." *Myers v. Rhay*, 577 F.2d 504, 507 (9th Cir. 1978) (*citing Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S. Ct. 854, 865 (1975)).

//
//

Claims (2), (3), and (4)

In Claim (2), Matthews argues "[t]he State had no subject-matter jurisdiction to indict, try, and convict the petitioner, Donnie Ray Matthews, [for] 3rd degree burglary of [the] Ghinis [F]rench [C]afe" because he was originally arrested only for the Rainbow Jewelers burglary. (Doc. 4, p. 7) In Claim (3), Matthews argues the State lacked subject matter jurisdiction because he was convicted of the Ghinis [F]rench [C]afe burglary but that crime was not named in the original complaint. (Doc. 4, p. 8) And in Claim (4), Matthews argues he was improperly tried to a "twelve (12) person state grand jury" but because of the sentence he faced, he "was entitled to a nine (9) person state grand jury." (Doc. 4, p. 9)

Matthews argues that these claims were raised in his first and second state habeas petitions. (Doc. 4, pp. 7-9) The court assumes for the purposes of this petition that Matthews is correct and the claims were presented there. These petitions were denied by the trial court, but Matthews never petitioned the Arizona Court of Appeals for review. Accordingly, these claims were not properly exhausted. Morever, Matthews cannot return to state court and properly exhaust them now because his petition for review would be untimely pursuant to Ariz.R.Civ.P. 32.9 and his issues are precluded pursuant to Ariz.R.Civ.P. 32.2(a). Claims (2), (3), and (4) are therefore procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In his reply brief, Matthews does not advance any reasons why these defaults should be excused. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). In the amended petition Matthews states that he did not present Claim (2) to the Arizona Court of Appeals because "action by the state court constitute extreme prejudice by the state unlawful convictions is not compromised by hindering, impeding and obstructing submission to the court of exculpatory evidence by refusing to properly address petitioner's claims." (Doc. 4, p. 7) He states he did not appeal Claim (3) because "action by the state constitute extreme prejudice by the state unlawful conviction and sentence is not compromised by hindering, impeding and obstructing discovery and/or submission to the court exculpatory evidence and/or evidence in which would impeach police, prosecutors and/or witnesses by denying the right to any redress of petitioner's

claims." (Doc. 4, p. 8)  He states he did not appeal Claim (4) because "the actions by the state constitute extreme prejudice by the state unlawful conviction and sentences is not compromised by hindering, impeding and obstructing discovery and/or submission to the court of exculpatory evidence and/or evidence which would impeach police, prosecutors and/or witnesses, denying petition the right to any redress of his claims." (Doc. 4, p. 9)  The court is unable to understand Matthews' arguments.  Consequently, the court finds that Matthews has not established cause and prejudice sufficient to excuse his procedural defaults.  *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1)  All of the petitioner's claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection.  Reply briefs are not permitted absent permission from the District Court.

DATED this 15th day of June, 2018.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge