IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Donnie Ray Matthews,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, *et al.*,<br><br>    Respondents. | No. CIV 17-310-TUC-CKJ (LAB)<br><br>**ORDER** |

On June 15, 2018, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R & R") (Doc. 28) in which she recommended that the Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 4) filed by Donnie Ray Matthews ("Matthews") be denied because all of Matthews' claims are procedurally defaulted. Matthews has filed an Objection (Doc. 31) and Respondents have filed a Response (Doc. 32).

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Id.* at 149.

Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no *specific objection* is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 151-153 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

*Objection to Report and Recommendation*

Matthews appears to seek to present cause and prejudice to excuse his procedural default in his Objection. Initially, Matthews argues that Arizona's procedural requirements do not permit the state courts to address the merits of his claims. Additionally, Matthews claims that he "was never given the opportunity to be heard to the denial(s) of all three of his petitions where he was never provided with copies of the rulings by state officials denying him the right to file a petition for review." Objection (Doc. 31, p. 4). Matthews appears to assert that copies of the trial court's rulings were sent to his advisory counsel in each instance and not directly to him. (*Id.* at 2–3). While this Court is not required to consider those claims raised for the first time in an objection to a magistrate's report, the Court has the discretion to do so. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *see also Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002). Although Matthews has not presented any reason why he did not present these claims in the briefs before the magistrate judge, the Court declines to deny relief on this basis.

*Procedural Default*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established

- 2 -

appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted); *see also Gentry v. Sinclair*, 693 F.3d 867 (9th Cir. 867 (9th Cir. 2012).

Where a petitioner would attempt to return to a state court to exhaust a claim and the state would refuse to permit him to do so, he has procedurally defaulted that claim. *See e.g., Harris v. Reed*, 489 U.S. 255, 269-70 (1989) (O'Connor, J. concurring) (noting that if a claim was not fairly presented in the state court, then the federal court must determine whether there are state remedies available). A claim is also procedurally defaulted if the state court has already declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The Court agrees with the magistrate judge that Matthews cannot now return to state court to exhaust his claims.

As summarized by the magistrate judge, a procedural default may be excused:

> if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).
>
> If a claim is procedurally defaulted and is not excused, the claim will be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." [*Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002)].

R & R (Doc. 28, p. 5); *see also Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012).

Matthews asserts he did not have an opportunity to be heard regarding the denial of his post-conviction petitions, i.e., file a petition for review, because he was not provided with

1  copies of the rulings by state officials. Matthews asserts that copies of the trial court's rulings
2  were sent to his advisory counsel rather than him.

3  As to the post-conviction court's July 10, 2015, ruling on Matthews' January 26,
4  2015, request for post-conviction relief,[1] the ruling indicates that a copy was mailed to
5  counsel rather than Matthews. Answer, Ex. Y (Doc. 22-2). However, attachments to a
6  special action filed by Matthews indicates the state court did not timely mail the ruling to
7  counsel; as soon as counsel received the ruling, counsel's staff forwarded the ruling to
8  Matthews. Response, Ex. A (Doc. 32-1). In other words, Matthews was able to seek
9  appellate review after receiving notification of the ruling. This does not establish cause and
10 prejudice.

11  The post-conviction court issued its ruling on Matthews' February 16, 2016, habeas
12 petition, Answer Ex. AA (Doc. 22-4), treating it as a supplemental Rule 32 petition, on
13 February 26, 2016. Answer, Ex. CC (Doc. 23-2). The ruling indicates a copy was mailed
14 to both Matthews and counsel. The Court does not have any basis to conclude that Matthews
15 did not receive a copy of this ruling. The Court finds this claim fails to establish cause or
16 prejudice.

17  As to Matthews' September 14, 2016, habeas petition, Answer, Ex. DD (Doc. 23-3),
18 the post-conviction court issued its ruling on September 19, 2016. Again treating the habeas
19 petition as a supplemental Rule 32, the court denied relief and dismissed the petition.
20 Answer, Ex. FF (Doc. 23-5). Although the ruling does not indicate a copy was mailed to
21 Matthews, Matthews sought review with the court of appeals. Answer, Ex. GG (Doc. 24-1).
22 Matthews' application for review again demonstrates that Matthews had notice of the ruling.
23 The Court does not find any basis to conclude Matthews did not receive a copy of this ruling;
24 again, the Court finds this claim fails to establish cause and prejudice.

---

[1] The Court will refer to the filing dates of Matthews' filings rather than the dates the documents were signed.

- 4 -

*Procedural Requirements*

Matthews asserts the state courts should have addressed the merits of his claims. However, the Supreme Court has "emphasized the important interests served by state procedural rules at every stage of the judicial process and the harm to the States that results when federal courts ignore these rules" and has recognized a "[s]tate's procedural rules serve vital purposes . . . on state collateral attack[.]" *Coleman v. Thompson*, 501 U.S. 722, 749, (1991) (citation omitted); *see also Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) (cert. denied, 135 S. Ct. 710 (2014) (Arizona's waiver rules are independent and adequate bases for denying relief)). The Court finds compliance with Arizona's state procedural requirements does not establish cause and prejudice.

*Conclusion*

The Court agrees with the magistrate judge that Matthews' claims are procedurally defaulted. Additionally, cause and prejudice to excuse the procedural default has not been shown. The Court will deny Matthews' request for habeas relief.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §

2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge) In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Matthews' claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 28) is ADOPTED;

2. Matthews' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 4) is DISMISSED WITH PREJUDICE;

3. The Clerk of Court shall enter judgment and shall then close its file in this matter, and;.

4. A Certificate of Appealability shall not issue in this case.

DATED this 10th day of January, 2019.

_____
Cindy K. Jorgenson
United States District Judge